a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAO HUE YENG XIONG, Plaintiff | CIVIL DOCKET NO. 1:20-CV-0948-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| ALBERT THOMAS, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a is a Complaint (ECF No. 1) filed by *pro se* Plaintiff Pao Hue Yeng Xiong ("Xiong") (#30380-057) under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1]. Xiong is an inmate in the custody of the United States Bureau of Prisons ("BOP"). Xiong complains that he was denied due process and wrongfully convicted of a disciplinary violation while he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP—Pollock").

Because Xiong's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Complaint (ECF No. 1) should be DENIED and DISMISSED.

I.    Background

Xiong alleges that Defendant Albert Thomas was the disciplinary hearing officer ("DHO") who presided over Xiong's disciplinary hearing. ECF No. 1. Xiong

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

complains that DHO Thomas wrongfully convicted Xiong of a disciplinary violation and sanctioned him with the loss of good conduct time. ECF No. 1 at 8.

Xiong is currently challenging the disciplinary conviction through a petition for writ of habeas corpus in the United States District Court for the Southern District of Mississippi. *See Xiong v. Paul*, 3:19-cv-00942 (S.D. Miss.).

II. Law and Analysis

A. Xiong's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Xiong is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 11. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Because Xiong is proceeding *in forma pauperis*, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. Xiong's claim is barred by *Heck v. Humphrey.*

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid

in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck* at 487. A "conviction," for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of time credits for good conduct. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Xiong seeks monetary damages as a result of his allegedly wrongful disciplinary conviction that resulted in the loss of 27 days of good conduct time, among other sanctions. ECF No. 1 at 4, 8. An award of damages related to the lost good conduct credits would necessarily imply the invalidity of Xiong's disciplinary conviction. Xiong's disciplinary conviction has not been reversed, expunged, or declared invalid through a petition for writ of habeas corpus. Therefore, his claim for monetary damages is barred by *Heck*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III. Conclusion

Because Xiong's claim is barred by *Heck*, the Complaint (ECF No. 1) should be DENIED and DISMISSED under §§ 1915(e)(2)(b) and 1915A, WITH PREJUDICE to being asserted again until such time as the *Heck* conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond

---

[1] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

3

to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, October 1, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE